UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Joshua Marrero,

v.

Civil No. 25-cv-513-JL
Opinion No. 2026 DNH 063

Envases USA, Inc.

**<u>SUMMARY ORDER</u>**

Defendant Envases USA, Inc. moves to reopen this Fair Labor Standard Act case after the plaintiff, Joshua Marrero, voluntarily dismissed all claims without prejudice. Marrero's voluntary dismissal came after Envases filed a motion to dismiss. Envases argues that the dismissal was improper under Fed. R. Civ. P. 41(a)(1) because its pending motion to dismiss should be construed as a motion for summary judgment. The court disagrees.

Fed. R. Civ. P. 41(a)(1) allows a plaintiff to dismiss a court action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. "Because a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice." *Hughes v. Standard Hardware Distributors, Inc.*, No. 10-CV-207-SM, 2010 WL 3895910, at *1 (D.N.H. Oct. 4, 2010) (McAuliffe, C.J.). A court may, at its discretion, convert the motion to dismiss to a motion for summary judgment; doing so would bar the plaintiff from unilaterally withdrawing his complaint without prejudice. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("the conversion of a Rule 12(b)(6) motion into a Rule 56 motion is a matter quintessentially within the purview of the district court's sound discretion."); *Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 19 (1st Cir. 1985) ("Other than to determine, should the question arise, whether

an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i).").

Here, the defendant's motion is one to dismiss, not for summary judgment. Beside the fact that the standard of review and arguments in the motion pertain to the plaintiff's alleged failure to state a claim or make plausible allegations, *see Hughes*, 2010 WL 3895910, at *2, the defendant specifically states in its motion that "[d]ocuments referred to by the Plaintiff in the Complaint are attached hereto as exhibits, and as such should not convert this motion to dismiss into a motion for summary judgment."[1]

The court declines to construe the motion to dismiss as a motion for summary judgment, and DENIES the defendant's motion to reopen.[2]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 29, 2026

cc:      Counsel of record.

---

[1] Mem. Law on Mot. Dismiss (doc. no. 21-1) at 1.
[2] Doc. no. 26.